IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-32-D-2
No. 4:16-CV-265-D

| | | |
|---|---|---|
| JAIME LOPEZ CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On May 16, 2016, Jamie Lopez Contreras ("Contreras") moved pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. §1B1.10, and Amendment 782 for a sentence reduction [D.E. 152]. On October 24, 2016, Contreras moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 210-month sentence [D.E. 157]. On February 23, 2017, the government moved to dismiss Contreras's section 2255 motion [D.E. 162] and filed a memorandum in support [D.E. 163]. On March 17, 2017, Contreras responded in opposition [D.E. 165]. As explained below, the court grants the government's motion to dismiss, dismisses Contreras's section 2255 motion, and denies his section 3582 motion.

I.

On June 2, 2014, pursuant to a plea agreement, Contreras pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C.§ 846. See [D.E. 63, 67, 136]. On March 11, 2015, at Contreras's sentencing hearing, the court calculated Contreras's total offense level to be 37, his criminal history category to be I, and his advisory guideline range to

be 210 to 262 months' imprisonment. See [D.E. 118, 123, 124]; Sentencing Tr. [D.E. 137] 28–31. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Contreras to 210 months' imprisonment. See [D.E. 123]; Sentencing Tr. at 35–39.

Contreras appealed. On December 1, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Contreras's plea agreement and dismissed the appeal. See [D.E. 145].

On May 16, 2016, Contreras filed his motion under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines to reduce his sentence [D.E. 152]. On October 24, 2016, Contreras filed a section 2255 motion [D.E. 157]. In his section 2255 motion, Contreras claims ineffective assistance of counsel for failing to argue for a downward departure based on Contreras's "minimal role as a drug mule" and to object to a sentencing enhancement "for maintaining a premise for the purpose of manufacturing or distributing a controlled substance." [D.E. 157] 4–5; [D.E. 157-1] 2–7. Contreras asks the court to grant the section 2255 motion and resentence him to 120 months' imprisonment. See [D.E. 157] 12.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In

2

considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Contreras's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Contreras must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Contreras's ineffective-assistance claims concerning section 3B1.2 and section 2D1.1(b)(2), Contreras cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claims fail.

Alternatively, the claims fail because the court properly applied the enhancement under section 2D1.1(b)(12), properly declined to give Contreras a minimal role adjustment under section 3B1.2, and properly calculated the advisory guideline range. See PSR [D.E. 95] ¶¶ 1–12, 34–43. To the extent that Contreras contends that counsel was deficient under Amendment 794 concerning section 3B1.2, the Sentencing Commission issued Amendment 794 on November 1, 2015. Amendment 794 amended the commentary to section 3B1.2. Section 1B1.10(d) lists the

amendments that receive retroactive application. See U.S.S.G. § 1B1.10(d). That list "does not include Amendment 794." United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished); United States v. Brewton, No. 16-7709, 2017 WL 1242007, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished). Accordingly, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Contreras's section 2255 motion, the court finds that reasonable jurists would not find the court's treatment of Contreras's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

As for Contreras's motion under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10, and Amendment 782, the court sentenced Contreras under the provisions of Amendment 782. See PSR ¶¶ 33–43. Thus, the court denies his motion.

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 162], DISMISSES Contreras's 2255 motion [D.E. 157], DENIES a certificate of appealability, and DENIES Contreras's section 3582 motion [D.E. 152].

SO ORDERED. This 24 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

5